**IN THE UNITED STATES DISCTRICT COURT FOR THE**
**NORTHERN DISCTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

PLABABLE LIMITED

Plaintiff,

                                   Case No: 5:25cv211-MW/MJF

v.

MEDREVISIONS, INC. et al

Defendants

_____/

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT**

     Defendants, MEDREVISIONS, INC. ("MEDREVISIONS") and MOHAMED SHAZNI THOWSEEN ("SHAZNI")(Collectively "Defendants") by and through its undersigned counsel hereby file this Reply in Support of its Motion to Dismiss Plaintiff's, PLABABLE LIMITED, ("Plaintiff") Complaint and states as follows:

**ARGUMENT**

I.     **Plaintiff's Exhibit Fails to Demonstrate Any Deliberate or Purposeful Solicitations of Advertisements to the State of Florida**

    In its Response in Opposition to Defendants' Motion to Dismiss, Plaintiff attach a 34-page document[1] which Plaintiff attempts to assert "current and past advertising campaigns that were actively promoted to, and accessible by Florida consumers…" *Dkt. Entry 13 pg. 4.* However, in a close examination of the document, there is no such indication. In fact, at the top of each page it is titled "Transparency by location" and followed by "European Union". *See Dkt. Entry 18 pgs 5-*

---

[1] The attachment was not filed contemporaneously with the Response but on September 25, 2025. *Dkt. Entry 18.*

Page **1** of **6**
**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

$34^2$. Additionally, on the bottom of each page it is expressly indicated the advertisement is "EU ad delivery". *See Dkt. Entry 18 pgs 5-34.* Nothing on any of these pages indicates any direct or specific targeting of the United States nor the State of Florida.[3] Plaintiff merely relies on the position that because the advertisements were "worldwide" these campaigns *could have* reached residents within the State of Florida. This exhibit provides nothing to demonstrate any direct, continuous, or purposeful intent to solicit customers within the State of Florida. This argument fails.

A defendant does not "target" a state and establish "minimum contacts" solely by creating a website that a consumer in the state *might* access. *Volt, LLC v. Volt Lighting Grp. LLC,* 369 F. Supp. 3d 1241, 1248 (M.D. Fla. February 25, 2019)(emphasis added); *see also The Wigglebutt Inn, Inc. v. Plan B Solutions, LLC*, No. 2:11-cv-686-Ftm-99DNF, 2012 WL 13098423, at *2 (M.D. Fla. Sept. 27, 2012) (Conway, J.) (adopting the magistrate judge's report and recommendation and concluding that "the Florida Supreme Court [in *Internet Solutions*] set forth a new standard for determining personal jurisdiction that examines whether a website is actually accessed, rather than merely accessible by a Florida resident"). Additionally, a plaintiff or related party accessing the website at issue in an effort to demonstrate "accessibility" by a Floridian, is not sufficient to establish personal jurisdiction. *Id. at *5.*

Plaintiff has failed to demonstrate or sufficiently allege personal jurisdiction over either Defendant. Plaintiff merely relies on the potential accessibility of the website within the State of Florida, but this does not authorize this Court to exercise personal jurisdiction nor does the exercise

---

[2] Defendants are unable to verify the authenticity of the exhibit, its source, nor has Plaintiff provided any sworn affidavit to determine the veracity of the documents.

[3] Defendants also provide an additional sworn affidavit of Mohamed Shazni Thowseen to further evidence the lack of intentional or deliberate solicitation to the State of Florida attached as Exhibit 1.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

of personal jurisdiction based on this evidence comport with the ideals of fair play and substantial justice.

**II.     Plaintiff Fails to Plead or Allege any Damage Suffered by Plaintiff within the State of Florida**

Notwithstanding that Plaintiff has failed to properly allege or demonstrate any specific or direct solicitations to consumers within the State of Florida, Plaintiff has also failed to properly assert or demonstrate any damages to Plaintiff *within* the State of Florida or how Defendants directly aimed its conduct to the State of Florida and that conduct caused damages to Plaintiff in the State of Florida.

In *Calder v. Jones,* the Court instructs that a state can exercise personal jurisdiction over a non-resident if the non-resident commits an intentional tort "that was directly aimed at the [forum state] and caused an injury ***within*** the [forum state] that the defendant reasonably should have anticipated." *Oldfield v. Pueblo De Bahia Lora, S.A.,* 558 F.3d 1210, 1220 n.28 (citing *Calder v. Jones*, 465 U.S. 783, 789-790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)). The plaintiff cannot be the only link between the defendant and the forum, rather, it is the defendant's conduct that must form the necessary connection with the forum State..." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Plaintiff merely states in a conclusory fashion that "upon information and belief" Mr. Shazni has created an account with Plaintiff's website to post public comments or that Defendant Shazni purchased Plabableisascam.com to post defamatory statements, or that he used a fake identity and email but has failed to actually support these statements regarding ownership of such website or accounts on more than a belief or in an effort to "establish" jurisdiction. Even if these allegations were sufficiently and properly plead, Plaintiff has failed to plead or allege it suffered

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

damages *within* the State of Florida as is required to establish minimum contacts or properly exercise personal jurisdiction.

**III.** **This Court is Not Required to Accept Conclusory and Unsupported Statements as True in Reviewing Personal Jurisdiction at a Motion to Dismiss**

In an effort to survive this Motion to Dismiss, Plaintiff continuously relies on the standard of review utilized by the Court at this stage, however, fails to fully analyze the standard. Specifically, the allegations the Court must accept as true, must also be more than bare-bones conclusory statements merely outlining the necessary elements of the cause of action. Further, when evaluating personal jurisdiction at the motion to dismiss stage, a Court may review supported affidavits outside of the four corners of the complaint to determine jurisdiction.

The district court must accept the facts alleged in the complaint as true **to the extent** they are uncontroverted by the Defendant's affidavits. *Lopez v. CMI Leisure Mgmt.*, No. 21-cv-22001, 2022 U.S. Dist. LEXIS 41006 at *5 (S.D. Fla. Mar. 7, 2022)(citing to Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)). When a defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1350 (1th Cir. 2013). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will **not** suffice. *Mercury Enters. v. Vesta Mgmt. Group, LLC*, No. 8:12-cv-417-T-30MAP, 2012 U.S. Dist. LEXIS 79592, 2012 WL 2087439, at *2 (M.D. Fla. June 8, 2012) (citing to *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009))(emphasis added).

Plaintiff has failed to overcome the sworn affidavits and significant evidence demonstrating Defendants have no ties to the State of Florida nor the sufficient minimum contacts

to the State of Florida to establish personal jurisdiction.[4] Additionally, Plaintiff has expressly stated that it is a company with its principal place of business in Surrey, United Kingdom. *Dkt. Entry 1-2 ¶1.* Throughout the Complaint, Plaintiff also fails to plead or demonstrate any damages suffered **within** the State of Florida but merely states it has suffered damages – which would be occurring at its home base in the UK not Florida. *See Dkt. Entry 1-2 ¶¶36, 42, 47-48.*

## CONCLUSION

Plaintiff has not sufficiently plead that this Court has personal jurisdiction over either of the Defendants. Plaintiff has also failed to overcome the sworn and supported affidavits and exhibits supplied by the Defendants in its motion to dismiss. Further, Plaintiff has failed to even establish an injury or any damages suffered by Plaintiff within the State of Florida. Notwithstanding the lack of personal jurisdiction, Defendants further assert Plaintiff has failed to state a claim for which relief can be granted and its causes of action are barred by the applicable statute of limitations.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2025, a true and correct copy of the foregoing was served through the CM/ECF portal and service made on all attorneys of record.

Respectfully Submitted,

*/s/Kelly Ann M. desRosiers*
Kelly Ann M. desRosiers, Esq.
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
Lorri Lomnitzer, Esq.
Florida Bar No. 37632
Lorri@LomnitzerLaw.com
Litigation@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.

---

[4] *See Exhibit 1 Generally.*

7999 N. Federal Highway, Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
*Counsel for Defendant*

**[CERTIFICATION OF WORD COUNT ON FOLLOWING PAGE]**

**<u>CERTIFICATE OF WORD COUNT</u>**

Counsel for Defendants certifies this Reply complies with Local Rule 7.1(F) and according to the word processing system utilized in the preparation, the total word count for all text, not including the text expressly excluded in the rule, is 1212 words.

<u>/s/Kelly Ann M. desRosiers</u>
Kelly Ann M. desRosiers, Esq.